Irving P. Kartell, J.
A summary proceeding was instituted by the landlord against the tenant for nonpayment of one month’s rent, in the sum of $70. The tenant had previously instituted an action against the landlord for treble damages and attorney’s fees for rental overcharges.
By stipulation between the parties, both matters were tried at the same time, since the uncontroverted facts pertaining to the premises involved were to apply with equal force and effect to both matters in determining the rights of the parties.
Prior to February, 1947, the apartment in question had been rented for residential use. In February, 1947, the then landlord rented the apartment to a physician who had arrived from Germany and was not then yet licensed to practice medicine in the State of New York, with the proviso that when the doctor would be admitted to practice in the State of New York he would maintain the premises as his offices for the practice of medicine. Thereafter, in or about February, 1949, the doctor having been admitted to practice medicine in the State of New York proceeded to use the apartment for the conduct of his profession as a physician. When this doctor later moved, the apartment was rerented for professional use to other doctors, and was so occupied continuously to about November, 1957, when the present tenant plaintiff rented the apartment for residential use, at a rental of $70 per month.
*1098 The prior landlord had removed the mechanical refrigator, sink and stove from the kitchen of the apartment when it was first rented for professional use. These items of equipment were reinstalled in the kitchen when the present tenant plaintiff moved into the apartment.
In June of 1951, the then landlord of the premises inquired by letter from the local rent office as to the status of the apartment, with regard to its decontrol, and was later advised by letter, dated June 14, 1951, by the Local Bent Administrator, that after inspection of the premises and its use, in the opinion of the Local Bent Administrator, the unit was free of control under State Bent and Eviction Begulations.
Subsequently, in January, 1959, the present landlord defendant purchased the property and applied to the local rent office for verification, as to the status of the apartment, and requested a certificate of decontrol for the apartment. The local rent office thereupon held a hearing, at which time the landlord defendant exhibited the leases heretofore signed by the various professional occupants of the apartment, together with the letter of June 14, 1951, from the Local Bent Administrator, establishing that the apartment was then decontrolled. There has been no question as to the good faith of the landlord.
After the hearing the Local Bent Administrator issued an order, declaring that the apartment was recontrolled and fixing the maximum rental of the apartment at $55.20 per month. This order was thereafter sustained by the State Bent Administrator.
The landlord defendant did not institute an article 78 proceeding in the Supreme Court to review the action of the State Bent Administrator but proceeded instead with the instant summary proceeding for nonpayment of rent.
The court has thoroughly examined the files of the State Bent Commission and the facts as set forth hereinabove are in complete accord with the records of that office.
It is well established that the Bent Administrator has pretty much the exclusive right to fix rents and determine the question of control of apartments where such jurisdiction has been given to him by the Emergency Housing Bent Control Laws. "When such determinations have been made by the Bent Administrator, this court is bound by any orders then issued, pursuant to the findings, and the orders cannot thereafter be collaterally attacked in this court. However, it is basic that this court has jurisdiction to determine the rights of parties in litigation where the law does not give such specific jurisdiction to the Temporary State Housing Bent Commission.
*1099 Insofar as pertinent to these proceedings, the Emergency Housing Rent Control Law (§ 2, subd. 2, par. [g], cl. [1]; L. 1946, ch. 274, as amd. by L. 1950, ch. 250) exempts from rent control — “housing accommodations created by a change from a non-housing to a housing use on or after February first, nineteen hundred forty-seven ’ \
The State Rent and Eviction Regulations (§ 9) also provide that “These regulations shall not apply to the following: * * * 4. Housing accommodations created by a change from non-housing to a housing use, on or after February 1st, 1947 ’ ’.
Where there is a question of fact to be determined by the State Rent Administrator, as to whether a particular apartment comes within the purvue of the quoted section of the law or of the regulations, this court, as we have pointed out, cannot question the findings of the Rent Administrator. However, when there is no question of fact involved, and the only problem is one of law, where the lack of jurisdiction of the State Rent Administrator has already been' determined, this court may then entertain jurisdiction to determine the rights of the parties.
The Appellate Division of this Department has determined, in Matter of Lord Management Corp. v. Weaver (8 A D 2d 943) a case directly on “ all fours ” with the instant proceedings, that “ the clear language of the statute and regulations involved and the undisputed good faith of the landlord over a period of more than eight years require a holding that the property is exempt from rent control.”
Since it has been so determined that the State Rent Administrator is without jurisdiction in a situation such as is before this court, we must find that the order of the State Rent Administrator, fixing the maximum rent and recontrolling the apartment, was void and of no effect, and was issued without jurisdiction to do so. The State Rent Administrator cannot assume jurisdiction where the law does not give him such rights, and any order issued without such a legal right to do so is of necessity void and of no effect. The aggrieved party should not be put to the trouble and expense to litigate in the Supreme Court under an article 78 proceeding, a void order of the State Rent Administrator and the party so aggrieved may, if he chooses, disregard the order as being of no binding legal effect.
This court is aware that in the Matter of Ellison v. Weaver (N. Y. L. J., Aug. 2, 1957, p. 2, col. 4) a decision thereafter affirmed by the Appellate Division in the First Department (4 A D 2 858) a contrary finding was made by the Appellate Division in the First Department as compared to the decision of the Appellate Division, Second Department, concerning the *1100 interpretation of the relevant law and regulation. This court is constrained to follow the determination of the Appellate Division of this Department.
The parties stipulated that rent for the apartment in question was to be deposited in escrow with one of the attorneys for the litigation, pending the determination of the issues by this court. A final order is granted to the landlord, with the execution of the warrant stayed until further order of this court.
The summons and complaint in the action for treble damages and attorney’s fees is dismissed and judgment is granted in favor of the defendant.